# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Buccal swabs of DNA from<br>Reno CONTRERAS<br>(DOB XX/XX/1976) | ) ) ) ) ) ) Case No. 23-1810M(NJ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the __Eastern__ District of __Wisconsin__
*(identify the person or describe the property to be searched and give its location)*:
See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:
See Attachmetn B.

**YOU ARE COMMANDED** to execute this warrant on or before __10/24/2023__ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m. ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to __Hon. Nancy Joseph__ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: 10/10/23 @ 10:35 a.m.          *[signature: Nancy Joseph]*
                                                                              *Judge's signature*

City and state:   Milwaukee, WI                          Honorable Nancy Joseph, U.S. Magistrate Judge
                                                                              *Printed name and title*

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

| Inventory made in the presence of : |
|---|

| Inventory of the property taken and name(s) of any person(s) seized: |
|---|
| |

### Certification

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

*Executing officer's signature*

*Printed name and title*

# UNITED STATES DISTRICT COURT
для the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Buccal swabs of DNA from<br>Reno CONTRERAS<br>(DOB XX/XX/1976) | Case No. 23-1810M(NJ) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____ Eastern _____ District of _____ Wisconsin _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession of controlled substances with intent to distribute. |
| 18 U.S.C. §§ 922(g) & 924(c) | Possession of a firearm by a felon, and Possession of a firearm in furtherance of a drug trafficking crime. |

The application is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Brian Ploch, FBI TFO
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____ telephone _____ *(specify reliable electronic means)*.

Date: 10/10/2023

*Judge's signature*

City and state: Milwaukee, WI

Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Brian Ploch, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I have been employed with the Cudahy Police Department as a full time sworn police officer for over seven years. I currently hold the rank of detective and am assigned as a Task Force Officer (TFO) with the Federal Bureau of Investigation (FBI) Milwaukee Area Safe Streets Task Force (MASSTF). I have investigated violations of Federal law, directed drug investigations, obtained, and executed search and arrest warrants related to the distribution of illegal narcotics and illegal firearm possession, and debriefed confidential informants and cooperating defendants. I am an investigator or law enforcement officer of the United States within the meaning of 18 U.S.C. Section 2510(7), in that I am empowered by the law to conduct investigations of and to make arrests for federal felony arrests.

2. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

3. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant to collect oral/Buccal swabs of DNA from Reno CONTRERAS (DOB XX/XX/1976). CONTRERAS is currently located in custody within the Eastern District of Wisconsin and will be so located when the Buccal Swabs/DNA exemplars/samples are obtained from him, pursuant to the search warrant being applied for herein. The requested Buccal Swabs/DNA exemplars/samples will be utilized for DNA comparison purposes with evidence related to drug trafficking and firearms possession that occurred on

October 5, 2023. From prior training and experience, I know that items such as drug packaging, firearms, ammunition, can be processed for DNA and that any DNA profiles developed from the evidence can later be compared with DNA samples taken from individuals such as CONTRERAS .

4. Since this affidavit is only for the limited purpose of securing a search warrant, I have not set forth each and every fact known to me concerning this investigation. I have included what I believe are facts sufficient to establish probable cause for the warrant sought. Because this affidavit is submitted for the limited purpose of securing authorization for a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are essential to establish probable cause.

## PROBABLE CAUSE

5. Since at least August 2023, FBI-MASSTF and other local law enforcement agencies have been investigating Reno J. CONTRERAS (DOB 02/07/1976) for drug trafficking, including violations of 21 U.S.C. § 841(a)(1) (possession of controlled substances with intent to distribute), 18 U.S.C. § 922(g) (possession of a firearm by a felon), and 18 U.S.C. § 924(c) (possession of a firearm in furtherance of a drug trafficking crime).

6. In August and September 2023, case agents conducted a series of garbage searches at a residence associated with CONTRERAS—2251 S. 59th St., West Allis, WI. As used in this affidavit, the term "garbage search" refers to a situation in which a law enforcement officer conducts a search of garbage for evidence related to drug trafficking. The officer knows that the garbage is routinely picked up on a particular date, in a particular place, and in the ordinary course of the municipality's pickup service. That an officer retrieves the garbage from the residence to later search for evidence of drug-related activities including, but not limited to, packaging material,

cutting agents, drug paraphernalia, controlled substances, records indicating drug trafficking activity, and other documents identifying the person(s) in control of the residence.

7. The most recent garbage search done at 2251 S. 59th St. occurred on September 27, 2023. Garbage bags were removed from the trash receptacle and searched by case agents. During this investigation, case agents had observed CONTRERAS discard garbage into this same trash receptacle on multiple occasions. During the September 27th garbage search, case agents located numerous plastic baggies with pink and blue powdery residue in garbage bags removed from the trash receptacle. Some of the baggies were missing corners, which is consistent with packaging narcotics for sale. This is the same trash receptacle where the garbage searches were conducted. Case agents field tested a sample taken of the pink and blue powders using the Nark II-33 Fentanyl Reagent Field Test and there was a positive reaction for the probable presence of fentanyl on both pink and blue samples.

8. On several occasions between in August and September 2023, case agents conducting physical surveillance observed CONTRERAS coming and going from 2251 S. 59th St., West Allis, WI. Case agents have observed CONTRERAS using a key to access the residence and have not observed anyone else to be living at the residence.

9. On October 5, 2023, at approximately 5:26 A.M., West Allis Police Officers executed a state search warrant at 2251 S. 59th St., West Allis, WI. CONTRERAS was located in the basement of the residence and taken into custody. CONTRERAS was the only person in the residence. Case agents searched the residence including the basement where CONTRERAS was located. Within the basement, there are two bedrooms. One room was set up like a recording studio (hereafter "studio"). This is where CONTRERAS was located when the search warrant was

executed. The other room contained a couch, freezer, brown dresser, and two large metal presses (hereafter "press room").

10. The press room was covered in a dusty powder. The two large metal presses are designed to press powders into pills. The press room also contained numerous bags of suspected narcotics, cutting agents, and other paraphernalia associated with the manufacturing of narcotics. Investigators located bags of "Firmpress." "Firmpress" is a substance used as a binding agent when pressing pills. Additionally, investigators located a reusable respirator mask and gloves, which are consistent with being used as personal protective equipment against exposure to dangerous narcotics when pressing pills. The pill pressing room also contained the following narcotics.

   a) Clear Ziploc bag with tan powdery substance located on top of brown dresser testing positive for Gabapentin. The weight including packaging is 94.6 grams.

   b) Five separate clear plastic baggies containing different colored powdered substance located behind the couch in a plastic clear container. Baggie 1, a light grey powdery substance tested positive for fentanyl and methamphetamine with a weight of 192.7 grams. Baggie 2, a tan in color powdery substance tested positive for fentanyl and methamphetamine with a weight of 184.4. Baggie 3, a mint colored powdery substance tested positive for fentanyl and methamphetamine with a weight of 147.0 g with original packaging. Baggie 4 is a blue in color powdery substance and Baggie 5 is a green in color powdery substance. Baggies 4 and 5 are the same consistency as the other bags. Baggie 4 weighs 47.1 grams and Baggie 5 weighs 27.3 grams. Total weight of the bags is 598.5 grams.

   c) Clear plastic bag with white powdery substance located on the brown dresser. White powdery substance tested positive for gabapentin with a weight of 26.9 grams in original packaging.

   d) Pink in color powdery substance located in two separate Ziplock bags, found in the brown dresser in the bottom right drawer. Baggie 1 tested positive for fentanyl and methamphetamine with a total package weight of 136.7 grams. Baggie 2 tested positive for fentanyl and methamphetamine with a total package weight of 188.5 grams.

   e) Pink powdery substance mixed with pink round pills, located on top of the fridge in the open in a blue bunny ice cream plastic cap. The powdery substance contained pink round pills and gabapentin pills. The substance tested positive for fentanyl and methamphetamine with a total weight of 49.1 grams without any packaging.

f) Light yellow powdery substance found in a cup in the manual pill press, which was on top of the dresser. The substance tested positive for fentanyl and methamphetamine with a weight of 23.7.

g) Multicolor powdery substance found under the manual press that tested positive for fentanyl and methamphetamine with a weight without packaging of 44.5 grams.

h) Yellow in color round pills located near the manual pill press on top of the dresser—14 total pills. The substance tested positive for fentanyl and methamphetamine. The pills resemble the color of the powdery substance located in the cup in the manual pill press. The 14 pills weighed 0.76 grams without packaging.

11. The studio contained an identification card and social security card in CONTRERAS' name as well as a Glock 30 .45 caliber handgun and a Kel Tech Sub 2000 9mm rifle. Additionally, two cell phones were located within this room, which is the same room where CONTRERAS was taken into custody. The phones are further described as a silver Apple iPhone S model: A1633 with a black Otterbox case and a black Samsung smartphone with a black generic protective case. The studio contained the following narcotics:

a) Inside of a black and blue backpack case agents recovered a clear plastic bag containing a white powdery substance that tested positive for cocaine and weighed approximately 195 grams with packaging.

b) Inside of a black and blue backpack case agents also recovered a clear plastic bag containing four separate sandwich bags each containing a brown in color substance that tested positive for methamphetamine and fentanyl. In total, all four bags weighed approximately 95 grams.

c) Inside of a black and blue backpack case agents also recovered a clear plastic Ziplock with three individual plastic bags. One bag contained a white powdery substance which tested positive for cocaine with a weight of approximately 20 grams. The second bag was a clear plastic bag with white powdery substance that tested positive for benzocaine with a weight of approximately 30 grams. The third bag was a clear plastic bag with a pink in color grainy substance that feels like wet sugar, which tested positive for methamphetamine and had a weight of approximately 15 grams.

d) Inside of a black and blue backpack case agents also recovered a clear Ziplock bag that contained a white powdery substance that tested positive for Butyr-fentanyl and weighed approximately 19.7 grams.

e) Inside of a black and blue backpack case agents also recovered a plastic sandwich bag containing 39 white oval pills imprinted with M523 on the front and 10-325 on the rear, which tested positive for fentanyl and methamphetamine and weighed approximately 17.9 grams. They also located 46 pink round pills with an imprint of K56 which tested positive for methamphetamine and fentanyl and weighed approximately 4.76 grams.

f) Outside of the blue and black backpack, which was located inside a large plastic bin, case agents located a clear plastic knotted bag containing three clear plastic sealed bags containing suspected THC. The substance tested positive for THC, with each individual bag weighing approximately 25-30 grams.

g) Additionally, in the same plastic bin, in a vacuum sealed bag, was a clear knotted plastic bag that contained four small clear knotted plastic baggies with suspected THC. The substance tested positive for THC. Each of the four bags contained approximately 25 grams of marijuana without original packaging.

h) A clear mason jar with suspected THC was located on top of mini fridge located on the SE wall. The substance tested positive for THC. 7.9 grams without packaging.

i) A clear plastic knotted plastic baggie was located on the stand located on the southeast wall containing suspected THC. The substance tested positive for THC with a weight of 6.3 grams without packaging.

j) A white in color fish scaley substance which tested positive for cocaine HCL was located inside a clear plastic bag in the suspect's wallet on the TV stand. The total weight was .75 grams with packaging.

k) 13 boxes of URB Finest Flowers THC-O Live Resin XL Disposable Pens "Cereal Milk" containing 6 pens each at 2 grams per piece were located on the floor next to the couch. The total weight for all 13 boxes was 156 grams.

l) 6 loose boxes of URB Finest Flowers THC-O Live Resin XL Disposable Pens "Cereal Milk" were located on the floor next to the couch. The total weight was approximately 12 grams.

m) 4 loose URB Finest Flowers THC-O Live Resin XL Disposable Pens "Purple Punch" were located on the floor next to the couch. The total weight was approximately 8 grams.

12. All of the substances referenced above were field tested by case agents, including using Nark field tests and the TruNarc narcotics analyzer.

13. CONTRERAS is a convicted felon and prohibited from possessing firearms. Specifically, CONTRERAS was convicted in Milwaukee County case 2005CF5023 of the felony offense of False Imprisonment in violation of Wisconsin Statute §940.30, a Class H felony. CONTRERAS was also convicted in Milwaukee County case 2002CF5400 of three felony offenses including Possession with Intent to Deliver Cocaine (40-100g), in violation of Wisconsin Statute §961.41(1m)(cm)4, a Class U felony. These felony convictions remain of record and unreversed. Case agents are aware that the above-described firearms recovered from CONTRERAS' residence on October 5, 2023, were not manufactured in the State of Wisconsin and therefore traveled in interstate commerce prior to October 5, 2023.

14. Based upon training, experience, and the investigation to date, case agents are aware that approximately 215 grams of cocaine, over 1,000 grams of methamphetamine/fentanyl, 15 grams of methamphetamine, and 19.7 grams of Butyr-fentanyl is not consistent with a personal use quantity of those substances and instead, is consistent with the possession of cocaine, methamphetamine, fentanyl, and Butyr-fentanyl with the intent to further distribute the cocaine, methamphetamine, fentanyl, and Butyr-fentanyl. Further, based upon said training, experience, and investigation, case agents are aware that the firearms recovered are consistent with being used in furtherance of said drug trafficking offenses.

## DNA EVIDENCE

15. As described above, several items of evidence were collected in this investigation that may contain DNA evidence from which comparisons could be made, including, but not limited to, the plastic baggies and other drug packaging and paraphernalia detailed in paragraphs 11 and 12, the pill presses, and the firearms recovered on October 5, 2023.

16. The requested search warrant for Buccal Swabs/DNA exemplars/samples for Reno CONTRERAS (DOB: XX/XX/1976) will allow a law enforcement crime laboratory to conduct DNA comparison analysis of CONTRERAS's DNA with any DNA evidence developed from items recovered during the above-described search warrant execution.

## CONCLUSION

17. Based on the foregoing, I submit that by taking an oral swab of the inside of Reno CONTRERAS' cheek, there may now be found evidence of the offenses of 21 U.S.C. § 841(a)(1) (possession of controlled substances with intent to distribute), 18 U.S.C. § 922(g) (possession of a firearm by a felon), and 18 U.S.C. § 924(c) (possession of a firearm in furtherance of a drug trafficking crime) that occurred on or about October 5, 2023 at 2251 S. 59th St., West Allis, WI.